UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LONDON

CRIMINAL NO. 03-57-KKC

UNITED STATES OF AMERICA                    PLAINTIFF


VS:             **REPORT AND RECOMMENDATION**


FRANCIE FISHER                              DEFENDANT

* * * * *

This matter was previously assigned to the undersigned Magistrate Judge for a hearing pursuant to a Supervised Release Violation Report filed by the United States Probation Office.  A hearing was conducted on the 19th day of July, 2005, at which the defendant was personally present and represented by appointed counsel, Hon. Eric Edwards, and the United States was represented by Assistant United States Attorney Stephen Smith.  Probation Officer James M. Vicini, Jr. was present.

Counsel for the parties informed the Court that an agreement had been reached to resolve this matter.   Counsel for the parties further informed the Court that, in lieu of hearing testimony of the supervising officer, James M. Vicini, Jr., they would stipulate the facts as contained in the Addendum of July 6, 2005, and

1

the report of June 27, 2005, as amended in Addendum No. 2 dated July 13, 2005, which stipulation was accepted after a hearing establishing the voluntariness and factual basis for same.  Thereupon the United States stated it had no further evidence to submit, as did defendant.  The Magistrate Judge, being so advised, makes the following proposed Findings of Fact and Conclusions of Law:

<u>**FINDINGS OF FACT**</u>

1) On January 8, 2004, the defendant was sentenced in this Court, pursuant to a plea of guilty to distribution of cocaine, to a term of twenty-one (21) months imprisonment, followed by three years of supervised release.   The defendant's term of supervised release began on February 24, 2005.

2) The defendant submitted diluted urine specimens on April 27 and April 29, 2005.  On May 10, 2005, the supervising officer confronted the defendant regarding the diluted urine specimens, and she denied she was trying to dilute same.  A urine screen was taken on that date which results also indicated the specimen was diluted.

3)  The defendant has stipulated that on June 16 and June 30, 2005, she submitted urine screens which yielded positive results for cocaine.  The specimen submitted on June 16 was also considered abnormal, as it had been diluted.   The

defendant submitted a urine specimen on May 24, 2005, which tested positive for Oxycodone and Oxymorphone.

CONCLUSIONS OF LAW

The violations are Grade B violations.  Pursuant to Title 18, U.S.C., Section 3583(e), upon the finding of a Grade B violation, the Court shall terminate supervised release unless the Court determines that a drug treatment program would be more beneficial to the defendant.  Based on the Grade B violation and a Criminal History Category of IV, the period of imprisonment, upon revocation, would be twelve (12) to eighteen (18) months.  Of course, the Guidelines are advisory in nature, to be considered by the District Judge along with all relevant factors in exercising her sentencing discretion.

Counsel for both parties and the supervising officer agreed that the defendant's supervision should **not** be revoked, but that her conditions of supervised release should be amended to require that she enter a community confinement facility as designated by the Bureau of Prisons for a period not to exceed nine (9) months.

Although the supervising officer originally recommended revocation, upon further reflection he expressly recommended the amendment set out above.  The basis for this changed recommendation is the supervising officer's belief that a

3

change in environment (i.e., getting the defendant out of the residence of her

alcohol-dependent mother, who also suffers from depression and recurrent panic

attacks) is desirable and would be beneficial to Ms. Fisher.  It would also remove

her from the small community of Heidrick, in Knox County, Kentucky, where she

is surrounded by other habitual users of illegal drugs and alcohol.  The supervising

officer is of the opinion that this change of living conditions will give her a better

chance to straighten out her life than would a second term of imprisonment.

RECOMMENDATION

Counsel for the government and the defendant having agreed, IT IS

RECOMMENDED as follows:

That the defendant's supervised release **not** be revoked, but that her

conditions of supervised release be modified as follows:

1) To require the defendant to enter a community confinement facility as

designated by the Bureau of Prisons for a period of time not to exceed six (6)

months.

2) All other conditions of supervision shall remain the same, including the

term of her supervised release.

If the District Judge does not approve this recommendation and determines

that the defendant's supervised release should be revoked, the defendant reserved

4

her right of allocution and right to appeal.

The defendant is remanded to the custody of the U.S. Marshal.

Particularized objections to this Report and Recommendation must be filed within ten (10) days of the date of service of the same or further appeal is waived. *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981), *Thomas v. Arn*, 728 F.2d 813 (6th Cir. 1984), *affirmed*, 474 U.S. 140 (1985).  Poorly drafted objections, general objections or objections that require a judge's interpretation should be afforded no effect and are insufficient to preserve the right of appeal.  See *Howard v. Secretary of Health and Human Services,* 932 F.2d 505 at 509 (6th Cir. 1991). A party may file a response to another party's objection within ten (10) days after being served with a copy thereof.  Rule 72(b), Fed.R.Civ.P.

This the 19th day of July, 2005.

Signed By:
**J.B. Johnson, Jr.**
United States Magistrate Judge