UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LONDON

CRIMINAL NO. 03-57-KKC

UNITED STATES OF AMERICA                    PLAINTIFF

VS:                    **REPORT AND RECOMMENDATION**

FRANCIE FISHER                              DEFENDANT

* * * * *

This matter was assigned to the undersigned Magistrate Judge for a hearing pursuant to a Supervised Release Violation Report filed by the United States Probation Office.  A hearing was conducted on the 7th day of December, 2005, at which the defendant was personally present and represented by appointed counsel, Hon. Brandon Storm, and the United States was represented by Assistant United States Attorney Greg Ousley. United States Probation Officer James Vicini, Jr. was also present.

Counsel for the parties informed the Court that, in lieu of hearing testimony of the supervising officer, James Vicini, Jr., they would stipulate the facts as contained in the report of December 5, 2005, which stipulation was accepted after a hearing establishing the voluntariness and factual basis for same.  Thereupon the

1

United States stated it had no further evidence to submit, as did defendant.  The

Magistrate Judge, being so advised, makes the following proposed Findings of Fact

and Conclusions of Law:

## FINDINGS OF FACT

    1) On January 8, 2004, the defendant was sentenced in this Court, pursuant

to a guilty plea, for distribution of cocaine.  Her punishment was fixed at a twenty-

one (21) month term of imprisonment, to be followed by a three (3) year term of

supervised release.  The defendant began her three-year period of supervised

release on February 24, 2005.

    2) The defendant appeared before the undersigned on July 19, 2005, upon

previous violations of her supervised release.  Those violations consisted of urine

screens which were positive for cocaine use, oxycodone use, and also for diluting

her urine screens.  On August 15, 2005, the District Judge adopted the Report and

Recommendation.  The defendant's supervision was not revoked.  However, her

conditions were modified to require her to be placed in a Community Corrections

Center for a period of six (6) months.  She was placed in the Community

Corrections Center on September 1, 2005.

    3) The defendant did not report for work as required on December 4, 2005.

Without permission of her supervising officer, she switched shifts with a co-

2

employee and spent the day with a boyfriend.

4)  On December 4, 2005, the defendant submitted a urine specimen which tested positive for benzodiazepines.

## CONCLUSIONS OF LAW

The above stipulation and report proves, by clear and convincing evidence, that the defendant has violated the following condition of her supervision:

> The defendant shall participate in a community corrections center program for a period of time not to exceed six months.

> The defendant shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substance, except as prescribed by a physician.

The second violation is a Grade B violation.  Pursuant to Title 18, U.S.C., Section 3583(e), upon the finding of a Grade B violation, the Court shall terminate supervised release unless the Court determines that a drug treatment program would be more beneficial to the defendant.  However, her most recent testing of positive for benzodiazepines, combined with her previous positive testings for cocaine and oxycodone, do not warrant the exception in this case.

Pursuant to Guideline §7B1.4(a), it would appear that should the Court revoke Ms. Fisher's supervision based on a Grade B violation and her criminal history category of IV, the period of imprisonment would be twelve (12) to

3

eighteen (18) months.   Pursuant to statute (18 U.S.C. §3583(e)(3)), the maximum term of imprisonment would be not more than two (2) years.  Of course, the Guidelines are advisory in nature, to be considered by the District Judge along with all relevant factors in exercising her sentencing discretion.

Counsel for the parties and the supervising officer have agreed to a recommendation that the defendant's supervision should be revoked, and that she be imprisoned for a period of eighteen (18) months, not to be followed by any new term of supervised release, with a request that she receive such Substance Abuse Treatment programs as may be available through the Bureau of Prisons while incarcerated.

## **RECOMMENDATION**

IT IS THEREFORE RECOMMENDED as follows:

1) That the defendant's supervised release be REVOKED, and she committed to the custody of the Bureau of Prisons to be imprisoned for a term of eighteen (18) months;

2) That the sentence of imprisonment **not** be followed by any new term of supervised release; and

3) That the defendant receive such Substance Abuse Treatment Programs as may be available through the Bureau of Prisons.

4

The defendant has executed a waiver of allocution and right to appeal, which is filed in this action.

Particularized objections to this Report and Recommendation must be filed within ten (10) days of the date of service of the same or further appeal is waived. *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981), *Thomas v. Arn*, 728 F.2d 813 (6th Cir. 1984), *affirmed*, 474 U.S. 140 (1985).  Poorly drafted objections, general objections or objections that require a judge's interpretation should be afforded no effect and are insufficient to preserve the right of appeal.  See *Howard v. Secretary of Health and Human Services,* 932 F.2d 505 at 509 (6th Cir. 1991). A party may file a response to another party's objection within ten (10) days after being served with a copy thereof.  Rule 72(b), Fed.R.Civ.P.

This the 7th day of December, 2005.

Signed By:

*J.B. Johnson, Jr.*

United States Magistrate Judge

5